UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **CONNIE COLLETT**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**GRASP TECHNOLOGIES, INC.**, an Ohio corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:21-cv-249<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CONNIE COLLETT** ("**COLLETT**"), by and through undersigned counsel, and state the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for unpaid overtime wages.

## PARTIES

2. The Plaintiff, **CONNIE COLLETT** ("**COLLETT**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and worked for the Defendant in Collier County, Florida. At all material times, **COLLETT** was employed by the Defendant as a project analyst and was paid on a salary basis. A great number of the customers **COLLETT** served were companies located in other states. **COLLETT** began the flow of interstate commerce for by, *inter alia*, exchanging information using electronic and telephone communications to and from interstate persons and entities, generating and processing billing,

1

which collected funds from out-of-state sources. **COLLETT** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **COLLETT** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **GRASP TECHNOLOGIES, INC.** ("**GRASP**") is a Florida limited liability corporation and has a principal place of business located in Ohio. **GRASP** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate and international commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **GRASP**'s website boasts that it was "[f]ounded in 1996, Grasp Technologies is the leading provider of travel data management, visualization and payment solutions in the T&E industry. Initially founded to address the critical need for customized reporting and data management in the travel industry, we've held to our belief in helping our customers thrive and to succeed by transforming data into useful intelligence… We are obsessed with solving complex problems in aggregating, consolidating, normalizing, translating, cleaning and visualizing data for travel agencies/TMCs, corporations, governments and other technology providers around the world." **GRASP**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and services. **GRASP** collects monies, most of which is from out-of-state financial institutions. **GRASP** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **GRASP** supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiff. **GRASP** maintains employment records of Plaintiff. **GRASP** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **COLLETT** began her employment with the Defendant on July 5, 2015.

7. **COLLETT**'s role was non-management and did not include advising the Defendant regarding violations of state or federal wage/hour law.

8. However, **COLLETT** was not exempt under the FLSA, but rather should have always been deemed an hourly employee, because the Defendant:

   a. Failed to allow **COLLETT** to possess or execute primary job duties that consisted of exercising independent judgment with respect to matters of significance;

   b. Failed to allow **COLLETT** to supervise any other employees, or have the authority to affect the terms and conditions of any other employees' employment;

c. Failed to have **COLLETT**'s duties be directly involved with the administration of the Defendant's business;

d. Failed to allow **COLLETT** any management duties whatsoever;

e. Failed to allow **COLLETT** to make decisions on behalf of the Defendant that consisted of exercising any independent judgment on matters of significance;

f. Failed to allow **COLLETT** any authority to make decisions that bind the Defendant;

g. Failed to allow **COLLETT** authority to formulate, affect, interpret, or implement management policies or operating practices;

h. Failed to allow **COLLETT** major assignments in conducting the operations of the business;

i. Failed to allow **COLLETT** work that affects business operations to a substantial degree;

j. Failed to allow **COLLETT** authority to commit the employer in matters that have significant financial impact;

k. Failed to allow **COLLETT** authority to waive or deviate from established policies and procedures without prior approval;

l. Failed to allow **COLLETT** authority to negotiate and bind the company on significant matters;

m. Failed to require **COLLETT** to provide consultation or expert advice to Defendant's management;

n. Failed to allow **COLLETT** involvement in planning long or short-term business objectives;

    o. Failed to allow **COLLETT** to investigate and resolve matters of significance on behalf of management;

    p. Failed to allow **COLLETT** to represent the company in handling complaints, arbitrating disputes or resolving grievances;

    q. Failed to assign **COLLETT** to perform work in functional areas such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, internet and database administration, legal and regulatory compliance, and similar activities;

    r. Required **COLLETT** to take direction as to how to perform her job duties, and what tasks to perform, from her supervisors, and;

    s. Assigned **COLLETT** only duties that did not require her to perform work directly related to assisting with the running or servicing of the Defendant's business (as distinguished, for example, selling the Defendant's product).

9. **COLLETT** was required by the Defendant to work fifty (50) hours per week, and did so without proper overtime compensation.

10. **COLLETT**'s employment ended on or about September 14, 2020 without the Defendant having properly compensated her for hundreds of overtime hours in the 3-years preceding the filing of this action.

11. The Defendant's practices alleged above establish that the Plaintiff was not FLSA-exempt but rather a non-exempt employee whom the Defendant misclassified in violation of the FLSA because she performed work for the benefit of the Defendant for which she was not

compensated. To the extent that such work is performed during a work week in which Plaintiff has worked in excess of forty (40) hours per week, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times Plaintiff's regular rate of pay.

12. The Defendant's practices alleged *supra*, requires employees like Plaintiff to perform work for the benefit of the Defendant for which the employees are not compensated and thus the Defendant has been unjustly enriched.

13. The Defendant misclassified Plaintiff as FLSA-exempt and proper records of her hours worked would reflect uncompensated overtime.

14. The Defendant did not pay Plaintiff proper overtime.

15. The Defendant should have been paying Plaintiff on an hourly, non-exempt rate during the entire course of their employment with the Defendant.

16. Notwithstanding the same, the Defendant still refused to properly compensate Plaintiff on an hourly, non-exempt basis in compliance with the FLSA. The Defendant thus failed to act in good faith and did not have a reasonable belief they had complied with the FLSA.

17. The Defendant has violated the FLSA by failing to pay overtime wages to Plaintiff.

**COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME**

18. The Plaintiff hereby incorporates Paragraphs 1-17 in this Count as though fully set forth herein.

19. Plaintiff was actually covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

20. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked by them in excess of 40 hours per week.

21. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during her employment, including compensation.

22. The Defendant was Plaintiff's employer and are liable for violations of the FLSA in this case.

23. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

24. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

25. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

26. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 23, 2020       **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com